U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 21 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VAUGHN ALLEN MONROE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-461-A |
| | § | |
| RODNEY W. CHANDLER, WARDEN, | § | |
| FCI-FORT WORTH, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the petition of Vaughn Allen Monroe for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking the court to order the Bureau of Prisons to grant him a full twelve months' placement in a residential reentry center ("RRC"). Respondent, Rodney W. Chandler, Warden, FCI-Fort Worth, filed a response and supporting appendix, and petitioner filed a reply, titled a "Traverse to Respondent's Reply to 2241." Having now considered all of the parties' filings, as well as the applicable legal authorities, the court concludes that the petition should be denied.

I.

## Background

On March 15, 2006, the United States District Court for the Eastern District of Texas sentenced petitioner to 240 months' imprisonment for money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). On November 22, 2010, petitioner's sentence was reduced to a term of 132 months' imprisonment.

Petitioner was also prosecuted in Harris County, Texas, for aggravated sexual assault of a child under fourteen years of age. On November 19, 2008, the Harris County Sheriff lodged a detainer against petitioner with the Bureau of Prisons. In July 2010, petitioner was sentenced to eight years' imprisonment on the state offense, to be served concurrently with his federal sentence.

II.

## Grounds of the Petition and Response

Petitioner contends that he is entitled to a full twelve months' placement in a RRC, rather than the "greater than 270 days" approved by Bureau of Prisons officials. Petitioner contends that he is entitled to such relief based on his participation in the Bureau of Prisons's self-improvement programs, his medical issues, and his low risk of recidivism. Petitioner claims that the Bureau of Prisons is relying on an

outdated policy implementing the Second Chance Act to deny him the twelve months' RRC placement, and he asks that the court order respondent to grant him such relief, beginning on or around September 30, 2013.

Respondent argues that the Bureau of Prisons conducted the individualized assessment required by the Second Chance Act, but did not recommend petitioner for twelve months' RRC placement. Because the Bureau of Prisons retains discretion to determine the length of RRC placement, if any, petitioner has received all the consideration for RRC placement that he is due, and the petition should be denied.

III.

Analysis

The Second Chance Act of 2007, Pub. L. 110-199, 122 Stat. 692 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c) to increase possible placement in a RRC to a period of no more than twelve months prior to the prisoner's projected release date. The amendment also requires the Bureau of Prisons to assess prisoners for RRC placement on an individual basis consistent with the five factors set forth in 18 U.S.C. § 3621(b). Those factors include (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the

sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). The duration of residential reentry placement is "is a matter as to which the [Bureau of Prisons] retains discretionary authority," and "nothing in the Second Chance Act or § 3621(b) entitles [petitioner] or any other prisoner to guaranteed placement in a residential reentry center." Creager v. Chapman, No. 4:09-CV-713-A, 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) (alterations in original) (citing various cases).

Respondent has provided evidence that BOP officials considered the five factors set forth in § 3621(b) as they related to petitioner. See Resp't App. at 1-4, 8. Upon conclusion of the individualized assessment, Bureau of Prisons's staff recommended placement of greater than 270 days in a RRC. Officials also completed the "Institution Referral for RRC Placement" form, which, according to respondent, is currently being held pending receipt of documentation from the Harris County Sheriff's Office in Houston regarding the status of petitioner's detainer. Upon receipt of the appropriate documentation, respondent maintains that the Bureau of Prisons will route the form to the Residential Reentry Manager in San Antonio, who will determine the exact placement date and location for petitioner based on his or her assessment of the RRC

4

population and bed space resources, as well as budgetary restrictions.

Petitioner relies on 42 U.S.C. §§ 17541(a)(1)(G) and (a)(2)(A) to support his claim that he is entitled to twelve months' RRC placement. However, the statute provides that the Director of the Bureau of Prisons may develop "[i]ncentives for a prisoner who participates in reentry and skills development programs which <u>may, at the discretion of the Director</u>, include . . . the maximum allowable period in a community confinement facility." 42 U.S.C. § 17541(a)(2)(A) (emphasis added). Thus, the statute expressly vests in the Bureau of Prisons the discretion to determine what, if any, incentives it will offer a prisoner who participates in the prison's various programs. Contrary to petitioner's contention, nothing in the Second Chance Act mandates that a prisoner be awarded twelve months' placement in a RRC based on participation in prison programs or any other factor.

The record shows that the Bureau of Prisons evaluated petitioner according to the factors in 18 U.S.C. § 3621(b). The result of that assessment is a recommendation that petitioner be considered for placement in a RRC for greater than 270 days. Petitioner's disagreement with the Bureau of Prisons's conclusion and recommendation is the basis of his petition. However, in a

5

petition pursuant to 28 U.S.C. § 2241, the petitioner bears the burden to plead and prove that he or she is in custody in violation of the Constitution and laws of the United States. 28 U.S.C. § 2241(c). Petitioner's disagreement with the Bureau of Prisons's recommendation regarding his placement in a RRC does not establish a constitutional violation, as nothing in the Second Chance Act or § 3621(b) entitles petitioner to any guaranteed RRC placement. Accordingly, petitioner has not shown that he is entitled to any relief.

IV.

Order

Therefore,

The court ORDERS that the petition of Vaughn Allen Monroe for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, denied.

SIGNED August 21, 2013.

_____
JOHN McBRYDE
United States District Judge